## THE STATE vs. HOWARD CALDWELL.

New Castle County, February Term, 1895.

**Indictment. Elections.**—In an indictment for violation of the registration laws an averment that the defendant registered "knowingly in two election districts" etc., is sufficient.

**Indictment. Intent.**—Under an indictment for fraudulent registration as a voter in two election districts, it is unnecessary to prove any criminal intent, but merely that the prohibited act was commited by the defendant.

**Evidence.**—Under such indictment, the statements of others as to what they told the defendant about his right to register are not admissible in evidence.

**Same.**—The contents of a tax receipt cannot be proved by parol testimony unless it first be shown that the receipt cannot be produced.

The defendant was indicted for registering "knowingly in two election districts," in the City of Wilmington, to wit; in the first First Election District of the First Ward, and in the Sixth Election District of the Sixth Ward, the indictment being drawn under Section 33 of Chapter 39, Volume 19 Laws of Delaware, providing for the registering of voters in the City of Wilmington.

Frank A. McCloskey, clerk for the Department of Elections, and custodian of the registration books for the City of Wilmington, was produced by the State and identified the registration books of the said districts, and after the same were proven by the inspectors who made the entries therein, they were admitted in evidence. From said books it appeared that the defendant had been duly registered as a fully qualified voter in both election districts aforesaid.

Preston W. Yeager, inspector of elections for the First District of the First Ward, was asked, "Did you see whether the tax receipt was offered and stamped on that day of Howard Caldwell?"

*Hayes*, for the defendant, objected upon the ground that the tax receipt itself was the best evidence and must be produced.

The Court sustained the objection, no reason having been given for the non-production of the receipt. The question was then modified and the witness was asked, "Was a paper, if you know, presented to the election officer and stamped?" which question was admitted.

At the conclusion of the State's testimony, *Hayes*, for the defendant, moved for the discharge of the prisoner on the grounds, first, that the indictment was drawn under the wrong section of the act; that it should have been drawn under section 22 instead of section 33 of said chapter; that he was indicted for unlawfully registering in two districts, whereas it appeared from the evidence of the State that he had a legal right to register in the Sixth Election District of the Sixth Ward; second, that the contents of the books of registration were never read to the jury, and therefore, according to a decision in 5th Harrington, which decision was not produced, said books were not properly before the jury.

CULLEN, J. Are not these two provisions of the statute to which you refer exactly the same? In the one case (section 22) it merely states, "No person who is registered in one election district shall register or cause himself to be registered in another district." That is a mere statement that it is illegal for him to do certain acts. But in section 33 it provides that if any person "shall knowingly or fraudulently register in two election districts" the penalty shall be so and so. When you construe an act you must construe the sections together. We think there is evidence here sufficient for this case to go to the jury.

Thomas H. Buckley was produced for the defendant and asked the following question: "Howard Caldwell has testified that you told him as he ate or got his meals and worked at the Delaware House he had a right to register from there. Is that so?" Objected to by Attorney General *Nicholson* as irrelevant. The objection was sustained by the Court.

CULLEN, J., (charging the Jury.)

Howard Caldwell has been indicted under an Act of the General Assembly providing for the registration of voters, in the City of Wilmington.

Under the 33d section of that act it provides that " If at any registration, or revision of registration of voters or at any meeting of inspectors of election held for such purpose, as provided in this act, any person shall falsely personate an elector, or other person, and register or attempt, or offer to register in the name of such elector or other person, or if any person shall knowingly or fraudulently register, or offer, or attempt to make application to register in or under the name of any person, or in or under any false, assumed or fictitious name or in and under any name not his own, or shall knowingly or fraudulently register in two election districts," etc.

The last clause—" Or shall knowingly, or fraudulently register in two election districts," is the one under which the defendant in this case is indicted.

We will say to you, gentlemen, that this act of the Legislature is a special act for the purpose of effecting the rightful and proper conduct of the elections, that it is an act in which there are many provisions. In an act of this kind, which affects the public good and is by reason of that fact placed under the head or term of what is known as police regulations, there may be done many acts which cannot be done at common law. For instance, at common law a man has a right to use his own land and put any kind of a building upon it that he sees fit, and for any purpose; whether it be a pleasant one or otherwise. But he cannot do that under the head or term of what is known as police regulations, if it is detrimental to the health or convenience of the public. As for instance, the law with regards to selling liquors; it prohibits under police regulations many cases which could not be effected at common law.

You will observe that this statute provides that " if any one shall knowingly or fraudulently register in two election districts,"

etc. Of course, that being the allegation in the narr, which follows the language of the statute, it is necessary for that fact to be proved clearly to your satisfaction beyond a reasonable doubt. If that fact is proved—and that is a matter which you are to determine entirely—then it is necessary for the Court to lay down to you the construction of that act. It had been contended on the part of the counsel for the defendant that this being a misdemeanor—a quasi-criminal matter—if a party knowingly does an act of this nature which constitutes a crime, there must be a criminal intent proved.

As a general rule that is true, as, for instance, where a man is charged under the statute in an indictment for an assault with intent to commit murder. There the necessary ingredient is that he had an intent to commit murder. Although an assault may be proved, yet if it is not proved that such was his intent he could not be convicted as indicted. But with regard to a statute which is passed under the head of police regulations where the welfare of the community is considered the law is very different.

We are not left to grope our way in darkness in this matter, however, for this question has been decided only a few years ago in England in a very able decision which settles the law beyond all question—that though, as I say in criminal matters there must be an intent to commit the offence in the mind of the party, and if it is shown that there was no such intent you cannot convict, but in cases of this character where the law expresses itself in clear and unambiguous language, if the party does that act knowingly, he is guilty without any regard to intent whatever, because it is the doing of the act which constitutes the offence, which is the gist and gravamen of the offence. The case to which I refer is that of *Regina vs. Tolson*, decided in 1889, L. R. 23 Q. B. Div. 168: " Although *prima facie* and as a general rule there must be a mind at fault before there can be a crime, it is not an inflexible rule, and a statute may relate to such a subject matter and may be so framed as to make an act criminal whether there has been any intention to break the law or otherwise to do wrong or not. There is a large

body of municipal law in the present day which is so conceived. By-laws are constantly made regulating the width of thoroughfares, the height of buildings, the thickness of walls and a variety of other matters necessary for the general welfare, health or convenience, and such by-laws are enforced by the sanction of penalties, and the breach of them constitutes an offence and is a criminal matter. In such cases it would, generally speaking, be no answer to proceedings for infringement of the by-laws that the person committing it had *bona fide* made an accidental miscalculation or an erroneous measurement. The acts are properly constructed as imposing the penalty when the act is done, no matter how innocently, and in such a case the substance of the enactment is that a man shall take care that the statutory direction is obeyed, and that if he fails to do so he does it at his peril.

" Whether an enactment is to be construed in this sense or with the qualification ordinarily imported into the construction of criminal statutes, that there must be a guilty mind, must, I think, depend upon the subject matter of the enactment, and the various circumstances that may make the one construction or the other reasonable or unreasonable."

Take that decision and apply it to the provisions of this act of the Assembly, the object of which is to prevent a man's knowingly registering in two places. It is no defence to say that a man was told so and so; for the ignorance of the law excuses no man. We are all bound by the law, whether we know it or not. If we were not, we would be in a most wretched and miserable condition. The act says, and we so construe the act, that where a party knowingly registers twice, and those facts are clearly proved to the jury beyond a reasonable doubt, then the party is beyond all question guilty in manner and form as he stands indicted.

If, however, you have a reasonable doubt growing out of all the facts produced here, as to whether this man did knowingly register in two places, then you should give him the benefit of that doubt; but if those facts are proved to your satisfaction, the ques-

tion of intent has nothing to do with it, and you should find him guilty in manner and form as he stands indicted.

*Verdict, " Guilty, with recommendation to the mercy of the Court.*

*John R. Nicholson,* Attorney General, for the State.

*Walter H. Hayes,* for the defendant.